**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MELVIN LAWRENCE BARDWELL, | : | CIVIL ACTION NO. |
| GDC ID # 1241181, Case # 719278, | : | 1:17-CV-04070-MHC-JCF |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| HILTON HALL, | : | HABEAS CORPUS |
|     Respondent. | : | 28 U.S.C. § 2254 |

**MAGISTRATE JUDGE'S ORDER AND
FINAL REPORT AND RECOMMENDATION**

Petitioner, a Georgia prisoner, challenges via a 28 U.S.C. § 2254 habeas corpus petition his June 2010 convictions in the Superior Court of Fulton County, and his resulting 60-year term of imprisonment, upon the entry of his plea of guilty to voluntary manslaughter, attempted armed robbery, aggravated assault, possession of a firearm during the commission of a crime and possession of a firearm by a convicted felon. (Doc. 1; *see* Doc. 14-1).

Petitioner has filed several motions: to amend (Doc. 11 (seeking to add 3 claims of ineffective assistance of counsel to the 12 he raised in his petition, bringing the total number of claims to 19)); for release on his own recognizance (Doc. 12); for summary judgment (Doc. 17 (because Respondent failed to respond to the substance of his claims regarding the alleged defects in his indictment and the resulting nullity

of his judgment of conviction)); for leave to file a reply (Doc. 18); and for an evidentiary hearing (Doc. 20 (to test the validity of his substantive claims that his guilty plea was unknowing and involuntary and is therefore invalid)).

Petitioner is housed at a private prison, whose warden is not a state officer. Greg Dozier, the Commissioner of the Georgia Department of Corrections, has therefore filed a motion to intervene as Respondent (Doc. 15) because he "is the chief officer in charge of state penal institutions in Georgia and is the 'state officer' having custody of Petitioner," i.e., the proper Respondent in this action. (Doc. 15-1 at 2 (citing O.C.G.A. § 42-2-6)); *see also* Rule 2(a), Rules Governing Section 2254 Cases in the U.S. District Courts; 28 U.S.C. § 2242 ¶ 2.

Petitioner's motions to amend (Doc. 11) and for leave to file a reply (Doc. 18), and the Commissioner's motion to intervene (Doc. 15), are **GRANTED**. The Clerk is **DIRECTED** to adjust the docket accordingly.

I. **Procedural History**

Petitioner entered his guilty plea on June 4, 2010. (Doc. 14-1 at 1; Doc. 16-2). He did not file a timely direct appeal. (*See* Doc. 14-1 at 2; Doc. 19 ¶ 4).

> On November 26, 2013, Petitioner filed a pro se motion to modify sentence. (Resp't Ex. 3 [Doc. 16-3]). The trial court found [the] motion . . . was untimely [] and denied it . . . on February 22, 2016. (Resp't Ex.

2

> 4 [Doc. 16-4]). Petitioner attempted to appeal [that] denial . . ., but the Georgia Court of Appeals determined it lacked jurisdiction to entertain [the] appeal and dismissed it because Petitioner's motion to modify sentence . . . did not raise a valid void-sentence claim to overcome the statutory deadline for filing [such] a motion . . . . *Bardwell v. State*, A16D0347 (Ga. App. May 16, 2016) (unpublished); (Resp't Ex. 5 [Doc. 16-5]).
>
> On July 29, 2016, Petitioner filed pro se motion[s] for an out-of-time appeal, [] for an evidentiary hearing, [] for appointment of counsel, and [] to withdraw his guilty plea. (Resp't Ex. 6 [Doc. 16-6]). The trial court denied Petitioner's motions . . . on September 7, 2016. (Resp't Ex. 7 [Doc. 16-7]). The Court of Appeals affirmed [that] denial. *Bardwell v. State*, A17A0964 (Ga. App. Apr. 20, 2017) (unpublished); (Resp't Ex. 8 [Doc. 16-8]).

(Doc. 14-1 at 2-3).

Petitioner signed and filed his federal habeas petition on August 17, 2017. (Doc. 1 at 7). He raises 16 grounds for relief in his petition, including 12 claims of ineffective assistance of counsel, as well as a claim challenging his arrest warrant as invalid, two claims alleging prosecutorial misconduct — including the prosecutor's failure to disclose exculpatory evidence to the defense — and a Fifth Amendment claim based on the waiver of his arraignment, to which waiver, he claims, he never agreed. (*Id.* at 10-15). "Petitioner claims [his] void sentence is a nullity and until [he] is legally sentenced, the time limitation on withdrawing his guilty plea has never begun to run." (*Id.* at 9).

3

Respondent moves to dismiss the petition as time-barred. (Doc. 14). Petitioner responds to that motion by noting, for the most part, Respondent's failure to address the substance of his claims. As for the time bar, he argues that "he was deprived [of] his right to timely appeal the conviction due to the ineffective assistance of counsel claims stated in [his] out-of-time appeal motion. . . . Consequently this Honorable Court shall grant the equitable tolling allowed to Petitioner for inquiring into the claims of ineffective assistance of counsel, and to determine the validity of [his] guilty plea, wherein the principles of due process so require." (Doc. 19 ¶ 4).

## II.     Petitioner's Federal Habeas Petition Is Time-Barred.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that an application for federal habeas review of a state court judgment of conviction be filed within one year of the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

If the record does not suggest otherwise, and here it does not, the limitations period for a federal habeas petition is triggered by the finality of the judgment of conviction at issue, i.e., "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not file a direct appeal within the thirty-day time limit for doing so, *see* O.C.G.A. § 5-6-38(a) (allowing thirty days to appeal a judgment of conviction in Georgia), his convictions became final under 28 U.S.C. § 2244(d)(1)(A) on July 6, 2010, the first business day after the thirty-day period expired for Petitioner to file a direct appeal following the entry of his judgment of conviction on June 4, 2010. *See Cantu v. Florida*, No. 2:13-cv-400-FtM-29MRM, 2016 U.S. Dist. LEXIS 64645, at *5-6 (M.D. Fla. May 17, 2016) (citing *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002), involving a Georgia prisoner, to the effect that "where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became 'final' for purposes of § 2244 on the date his 30-day

5

right to appeal expired").

Petitioner argues that the start of the limitations period should be delayed because his guilty plea is void. (Doc. 1 at 5; *see* Doc. 19 ¶ 4). But the Court is unaware of any controlling precedent for this proposition, and Petitioner has offered none. Unless statutory or equitable tolling applies here, or Petitioner has a viable claim of actual innocence, his federal habeas petition is untimely.

### A. Statutory Tolling

Statutory tolling applies when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The limitations period in this case ran untolled for 365 days after Petitioner's judgment of conviction became final on July 6, 2010 and expired on July 6, 2011 — more than two years before Petitioner filed a motion to modify his sentence on November 26, 2013. Because Petitioner did not file an application for state post-conviction or other collateral review with respect to his judgment of conviction during the one-year federal limitations period, statutory tolling does not apply here.[1] *See George v. Sec'y Dep't of Corr.*, 438 Fed. Appx. 751, 753

---

[1] Had Petitioner received leave to file an out-of-time appeal, the appeal process would have reset the limitations period, *see Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009), but because he did not, his motion for out-of-time appeal, which he filed on July 29, 2016, had

n.5 (11th Cir. 2011) (noting "that § 2244(d)(2) does not provide for statutory tolling [when] the one-year limitations period provided by AEDPA ha[s] already expired [before a petitioner files] his state post-conviction motion"; and citing *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), for its "holding that a properly filed application for state post-conviction relief does not provide statutory tolling of [the] AEDPA limitations period where the motion for state post-conviction relief was not filed until after § 2244(d)'s one-year limitation period had expired"). Thus, to obtain merits review of his otherwise untimely federal habeas claims, Petitioner must establish either that equitable tolling is warranted or that he is actually innocent of his crimes of conviction. He has done neither.

### B. Equitable Tolling

The Supreme Court of the United States has held that the AEDPA limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Court noted, however, "that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently,

---

no effect. *See Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1142 (11th Cir. 2015) ("When the state appellate court denied Espinosa's petition for belated appeal, it never considered the merits of his underlying claims. Espinosa's petition for belated appeal never triggered a reexamination of his conviction or sentence and, as a result, failed to toll the federal limitation period. Espinosa's federal habeas petition was untimely.").

and (2) that some extraordinary circumstance stood in his way and prevented timely filing," although "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 649, 653 (citation and internal quotations omitted); *see Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) ("[E]quitable tolling is an extraordinary remedy, [and] it is limited to rare and exceptional circumstances and typically applied sparingly. Thus, . . . [it] is available only when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." (citation and internal quotations omitted)). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308. "To establish diligence, . . . [he] must present evidence showing reasonable efforts to timely file his action." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004). A petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012). "And the allegations supporting equitable tolling must be specific and not conclusory." *Id.*; *see Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("Conclusory allegations are simply not enough to warrant a hearing."). Petitioner has offered no evidence that he exercised the diligence required to warrant equitable tolling or that

8

he faced extraordinary obstacles in seeking post-conviction relief. Equitable tolling is not warranted here.

## C. Actual Innocence

Finally, even if the limitations period has expired, "actual innocence, if proved, serves as a gateway through which a petitioner may pass," although "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *McQuiggin v. Perkins*, 569 U.S. 383, 386, 401 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). "To be credible," a "claim that constitutional error has caused the conviction of an innocent person" must be supported "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. To prevail on such a claim, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327; *see Kuenzel v. Comm'r, Ala. Dep't of Corr.*, 690 F.3d 1311, 1314-15, 1318 (11th Cir. 2012) (discussing "*Schlup* gateway" to consideration of procedurally barred claims, which gateway the Supreme Court created to prevent the conviction of a

9

defendant who is actually innocent). Petitioner has offered no new reliable evidence of his actual innocence. His federal habeas petition, due no later than July 6, 2011, but filed on August 17, 2017, is untimely by more than six years.

### III.  Certificate of Appealability

A state prisoner must obtain a certificate of appealability (COA) before appealing the denial of his federal habeas petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)). Furthermore,

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows

both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quotations omitted). Because jurists of reason would not find it debatable, and would agree, that Petitioner's federal habeas petition is untimely, and that neither statutory nor equitable tolling nor Petitioner's actual innocence allows review of the merits of his federal habeas claims, a certificate of appealability is not warranted here.

### IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Respondent's Motion To Dismiss Petition As Untimely (Doc. 14) be **GRANTED**; that Petitioner's habeas corpus petition (Doc. 1) be **DISMISSED as time-barred**; that Petitioner be **DENIED** a certificate of appealability; and that Petitioner's motions for release (Doc. 12), for summary judgment (Doc. 17) and for an evidentiary hearing (Doc. 20) be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO ORDERED and RECOMMENDED** this 10th day of January 2018.

    /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

AO 72A
(Rev.8/82)